IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EAGLE FUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-00811-CV-W-SWH |
| | ) | |
| RAY A. PERRIN, | ) | |
| MILLENNIUM SUPER STOP, LLC, and | ) | |
| MILLENNIUM SUPER STOP II, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is plaintiff's Motion for Partial Summary Judgment (doc #106). Specifically, plaintiff requests the entry of summary judgment on the affirmative defense of defendants Ray A. Perrin, Millennium Super Stop, LLC, and Millennium Super Stop II, LLC, that it was impossible for defendants to perform on their contracts with plaintiff. (Id. at 1) According to plaintiff, the requirement to obtain letters of credit or motor fuel bonds was not a condition precedent to the performance of the contracts and, therefore, defendants' affirmative defense fails as a matter of law. (Id. at 2)

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is granted when the pleadings and evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The nonmoving party may not rest upon allegations or general denials, but must come forward with specific facts to prove that a genuine issue for trial exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Court must review the facts in the

light most favorable to the party opposing the motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

With these standards in mind, the Court will address plaintiff's argument for partial summary judgment. The Court notes that it has reviewed plaintiff's Statement of Uncontroverted Facts, Defendants' Statement of Additional Uncontroverted Facts, each party's responses to the opposing party's facts and all of the supporting documents presented by the parties in this case. The Court will cite to only those facts and evidence it finds pertinent to the issues which have been raised by the parties, rather than presenting the Court's own statement of uncontroverted facts.

The affirmative defense at issue states:

> As a precondition to the implementation of the contracts between Plaintiff and Defendants Ray Perrin, Millennium Super Stop, LLC and Millennium Super Stop II, LLC, or one of them, … Plaintiff required Defendant Millennium Super Stop, LLC to obtain $60,000.00 letters of credit or motor fuel bonds on each of the Defendants' locations to guarantee the payment of all fuel purchases, which bonds/letters of credit Defendants were unable to obtain and which requirements Plaintiff was unwilling to waive; i.e., it has been impossible for Defendants Ray Perrin, Millennium Super Stop, LLC and Millennium Super Stop II, LLC to perform these contracts.

(Defendants Ray A. Perrin, Millennium Super Stop, LLC and Millennium Super Stop II, LLC's Answer to Plaintiff's Second Amended Complaint (doc #49) at 5-6)

The contract term at issue states:

> A $60,000.00 letter of credit or motor fuel surety bond shall be required to guarantee payment for all fuel purchases. …

(Retailer Product Sales Agreement at 8(a) (doc #107-1 at 3 and 21)

Defendants provided the following three pertinent facts in their suggestions in opposition to plaintiff's motion for partial summary judgment which were uncontroverted by plaintiff:

2

11. Plaintiff Eagle Fuels was unwilling to waive the fuel bond and/or letter of credit requirements at Section 8(a) of the Agreement.[1]

12. When These Defendants attempted to order fuel pursuant to the terms of the Agreement, they were told by Plaintiff that they first needed to acquire a fuel bond (letter of credit).[2]

---

[1] The Court notes that the following deposition testimony of Marty Rivers and Terry Addington would have appeared to controvert this fact, but for plaintiff's reply that the fact was uncontroverted:

> Q. Did you ever have any conversations with [Ray Perrin] at any time with regard to any issues that would relate to obtaining – his obtaining bonding or a letter of credit?
>
> A. He never said one word to me.
>
> Q. And that's one of the requirements in your contract, though, is in this case that he have $60,000 letter of credit or a bond for that amount. That was one of the conditions in the contract, was it not?
>
> A. It wasn't something that we – could have been an issue. I mean, we're sitting there and – and I'm already trusting him for $77,000, wasn't it, times two? I mean, all he would have had to have done is tell me, look, I'm having trouble getting this fuel bond and we would have gladly worked out something. We do with it [sic] our other customers.

(Deposition of Marty Rivers (doc #107-2) at 19)

> Q. Did Ray ever ask you to waive the requirement for a letter of credit – letter of credit or bond?
>
> A. No.

(Deposition of Terry Addington (doc #107-4) at 4)

[2] The Court notes that the following deposition testimony of Marty Rivers and Terry Addington would have appeared to controvert this fact, but for plaintiff's reply that the fact was uncontroverted:

> Q. Now, were you aware of the fact that Ray Perrin requested that he have a fuel delivery the day following the day that he signed the contract?
>
> A. No. I'm not aware of that now.

19. Plaintiff admits that it would not have delivered fuel to These Defendants until they had acquired the contracted letter of credit or fuel bond.[3]

(Defendants' Ray Perrin, Millennium Super Stop, LLC and Millennium Super Stop II, LLC's ("These Defendants") Suggestions in Opposition to Plaintiff Eagle Fuels, LLC's Motion for Partial Summary Judgment (doc #116) at 7 and 8)

---

> Q. All right. Would that -- if – if you had known that would you have delivered fuel to him on the day following the day that he signed the contract?
>
> A. Sure.
>
> Q. And you would have without – pursuant to the contract?
>
> A. I'd have delivered him fuel if he'd call me.

(Deposition of Marty Rivers (doc #107-2) at 27)

> Q. Did Ray ever ask to order gas?
>
> A. No.
>
> Q. Did Ray ever – Perin ever place an order for gas?
>
> A. No.

(Deposition of Terry Addington (doc #107-4) at 4)

[3]The Court notes that the following deposition testimony of Marty Rivers would have appeared to controvert this fact, but for plaintiff's reply that the fact was uncontroverted:

> Q. Well, isn't it true that you would not have delivered any fuel to [Ray Perrin] pursuant to the contract until such time that the signage and the work on the – the – the property had been concluded and he had received his either -- received bonding?
>
> A. No. I would have delivered him fuel if he had called me and wanted it.

(Deposition of Marty Rivers (doc #107-2) at 27)

4

As cited by plaintiff, "a condition precedent is an act or event that must be performed or occur, after the contract has been formed, before the contract becomes effective. Gillis v. New Horizon Development Co., 664 S.W.2d 578, 580 (Mo. App. 1983)." (Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment (doc #107) at 3) Further, "[c]ourts should not construe contract provisions to be conditions precedent 'unless required to do so by plain, unambiguous language or by necessary implication.' [James E. Brady & Co. v. Eno, 992 F.2d 864, 869 (8th Cir. 1993).]" (Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment (doc #107) at 3)

Based upon defendants' uncontroverted facts cited above, it would appear that the requirement of a letter of credit or motor fuel surety bond was a condition precedent by necessary implication in that plaintiff would not deliver fuel to defendants and conversely, defendants could not purchase fuel from plaintiff, until defendants had acquired the contracted letter of credit or fuel bond. Therefore, plaintiff is not entitled to summary judgment on the affirmative defense of defendants Ray A. Perrin, Millennium Super Stop, LLC, and Millennium Super Stop II, LLC, that it was impossible for defendants to perform on their contracts with plaintiff. Whether defendants can prevail on their affirmative defense remains an issue for trial as there are issues of fact as to whether defendants made a good faith effort to acquire a letter of credit and/or fuel bond.[4]

---

[4] As set forth in Omaha Public Power District v. Employers' Fire Insurance Co., 327 F.2d 912, 916 (8th Cir. 1964), "a promisor may not prevent, hinder, or render impossible the occurrence of a condition precedent … in order to relieve himself of the obligation to perform."

Based on the foregoing, it is

ORDERED that plaintiff's Motion for Partial Summary Judgment (doc #106) is denied.

                                                */s/ Sarah W. Hays*
                                                   SARAH W. HAYS
                                      UNITED STATES MAGISTRATE JUDGE