IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EAGLE FUELS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-00811-CV-W-SWH |
| ) | |
| RAY A. PERRIN, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Pending before the Court is Defendants Ray Perrin, Millennium Super Stop, LLC′s and Millennium Super Stop II, LLC′s Motion for Relief From Proceedings Pursuant to FRCP Rule 60(b), Judgment Pursuant to FRCP Rule 17 and 54, and Award of Attorney Fees and Other Relief Pursuant to FRCP Rule 37 and suggestions in support. (Doc. #158 and #159) Defendants Asif H. Kiayani, 786 Enterprises, Inc., and Rawal Rock, Inc., joined in this motion. (Doc. #160) Plaintiff Eagle Fuels, Inc., has opposed the motions. (Doc. #171 and #172)

I. PROCEDURAL BACKGROUND

Plaintiff's Second Amended Complaint against defendants Ray Perrin, Millennium Super Stop, LLC (hereinafter MSS), Millennium Super Stop II, LLC (hereinafter MSSII), Asif Kiayani, 786 Enterprises, Inc. and Rawal Rock, Inc.[1] alleges that on April 30, 2010, Ray Perrin, d/b/a MSS entered into a Retailer Product Sales Agreement with plaintiff Eagle Fuels, LLC, which agreement set forth the conditions upon which motor fuels would be sold by Eagle Fuels, LLC, to Ray Perrin, d/b/a MSS, at 3801 East Truman Road, Kansas City, Missouri. (Doc. #47 at 3)

---
[1]Lion Petroleum, Inc. was dismissed by the Court at plaintiff's request on April 2, 2012. (Doc. #94)

Plaintiff alleges that on the same day, a second Retailer Product Sales Agreement was entered into between plaintiff and Ray Perrin for the purpose of plaintiff supplying fuel to the MSSII located at 1601-1603 West 12th, Kansas City, Missouri. (Doc. #47 at 4)  The Second Amended Complaint alleges that Ray Perrin, MSS and MSSII failed to abide by the terms of the Agreements and are in breach.  Plaintiff seeks damages, as well as specific performance of the contractual obligations.  (See doc. #47, Counts I, II and III)  Asif Kiayani, 786 Enterprises, Inc., and Rawal Rock, Inc., are alleged to have known about the business relationships between plaintiff and MSS and MSSII, but induced termination of these contracts and business relationships.  (See doc. #47, Count VIII and IX)

Motions for summary judgment by Asif Kiayani, 786 Enterprises, Inc., Rawal Rock, Inc., and plaintiff were denied.  (See doc. #102 and #119)  A bench trial was held September 10 through 12, 2013.  While the parties were preparing proposed findings and facts and conclusions of law, defendants filed the pending motions.  At the parties' request, the Court delayed the deadline for filing the proposed findings of fact and conclusions of law until these motions have been decided.

## II.  PENDING REQUESTS FOR RELIEF

Defendants' motions seek relief from the pending proceedings pursuant to Fed. R. Civ. P. 60(b), judgment in their favor pursuant to Fed. R. Civ. P. 17 and 54 and sanctions pursuant to Fed. R.. Civ. P. 37.  Defendants' motions and suggestions allege that they learned <u>after</u> the trial that Eagle Fuels had assigned all of its rights to sell Phillips 66 branded fuel to Empire Petroleum Partners, LLC (hereinafter Empire).  Given this assignment, defendants maintain that Eagle Fuels is no longer the real party in interest and is prohibited from continuing this lawsuit.

Pursuant to Fed. R. Civ. P. 60(b), defendants seek to introduce the documents subpoenaed from Phillips 66 and attached to a business records affidavit. (See Ex. 1b, doc. #158-3 at 1-54) Defendants maintain that these documents demonstrate that Eagle Fuels is not the real party in interest, having assigned all of its rights under the contract to Empire. (Doc. #158 at 3-4) Given that the Court's jurisdiction is premised upon diversity of citizenship, defendants ask the Court to rely on Missouri case law in determining the real party in interest. Defendants cite a number of cases for the proposition that Missouri law consistently has determined that an assignment of all rights of a party to the assignee divests the assignor of any interest in the assigned rights. (Doc. #159 at 3-4)

As defendants point out, the assignment of marketing rights by Eagle Fuels to Empire was the subject of a motion in limine filed by Eagle Fuels prior to trial. At that time, plaintiff sought to exclude evidence of the acquisition of Eagle Fuels by Empire. (Doc. #125 at 5) In response, defendants agreed that unless Eagle Fuels was no longer the real party in interest because of the transaction, evidence of this transaction would not be relevant. (Doc. #132 at 5) In connection with the pending motions, Mr. Ensz, counsel for Ray Perrin, MSS and MSSII, provided an affidavit indicating that at the time the motion in limine was filed, he called an Empire manager who claimed to have knowledge of the transaction. That individual advised Mr. Ensz that Empire had acquired Eagle Fuel's contracts with gasoline station retailers, but that the Millenium contracts were not included in the transaction. (Doc. #158-1 at 2) Defendants claim that recently obtained documents demonstrate the falsity of this information.

In support of its motions, defendants rely on 54 pages of business records from Phillips 66 with an accompanying affidavit from the records custodian for Phillips 66. (See Ex. 1b, doc. #158-3) The two documents which defendants believe are particularly relevant are entitled

3

Customer Status Update Form with the subtitle Ship-To Transfer-Close. These documents list more than 20 retail stores, including MSS and MSSII. One document states at the bottom: "Transfer From Marketer" and below that "Customer Name: EAGLE FUELS LLC." (Doc. #158-3 at 4) This document is signed by Martin W. Rivers, CEO, on October 2, 2012, and by Greg Still who appears to be a Sales Manager of Phillips 66 Company. The business records contain an identical Customer Status Update Form which differs only in the information contained at the bottom of the form. That form states "Transfer To Marketer" and below that "Customer Name: EMPIRE PETROLEUM PARTNERS LLC." (Doc. #158-3 at 53) This document was signed by Michael A. Diebus, Chief Operating Officer, on October 1, 2012, and Greg Still, Sales Manager, Phillips 66 Company. According to defendants, these "documents unequivocally show that Eagle Fuels has sold its assets to Empire, including Eagle Fuels' right to ship Phillips 66 branded fuel to these defendants from on AND before October 2, 2012." (Doc. #158 at 3, ¶12)

Among the fifty-four pages of Phillips 66 documents is the "Phillips 66 Company ASSIGNMENT OF BRANDED MARKETER AGREEMENT" which states in part:

> THIS ASSIGNMENT is dated and entered into this October 2, 2012 (hereinafter called the "Effective Date"), by and between PHILLIPS 66 COMPANY, a Delaware corporation successor by assignment from ConocoPhillips Company (hereinafter referred to as "PSX"), EAGLE FUELS LLC (hereinafter referred to as "Assignor") and EMPIRE PETROLEUM PARTNERS LLC (hereinafter referred to as "Assignee"), whose principal place of business is at 9055 COMPRINT CT STE 200, GAITHERSBURG, MD 20877.
>
> RECITALS
>
> WHEREAS, PSX and Assignor entered into that certain Branded Marketer Agreement effective October 1, 2012 ("Agreement") and any and all amendments, exhibits, attachments, addenda and assignments thereof and the relationship created thereby and all other agreements between them including, but not limited to, if applicable, sales agreement, satellite services agreement, amortization

> agreement, promissory note, reimbursement agreement and agreements concerning any leasehold ("Agreement(s)");
>
> WHEREAS, Assignor purchases PSX Branded Products for resale as provided under the Agreement(s) for sale; and
>
> WHEREAS, Assignor desires to assign and Assignee desires to assume all of Assignor's rights, title, interest and obligation under the Agreement(s).
>
> NOW THEREFORE, in consideration of the mutual promises contained herein, the parties agree as follows:
>
> 1. Assignor does hereby, as of the Effective Date of this ASSIGNMENT, assign to Assignee the Agreement(s).
>
> 2. PSX agrees to the Assignor's assignment and Assignee's assumption of all of the Assignor's rights and obligations under the Agreement(s).
>
> ∗∗∗

(Doc. #158-3 at 9)

Plaintiff responds by attaching the affidavits of the two principals from Eagle Fuels and Empire who signed the documents at issue: Marty Rivers, CEO of Eagle Fuels, and Michael Diebus, COO of Empire. The affidavits each indicate that it was the intent of both Eagle Fuels and Empire that the Millenium stores which are the subject of this litigation not be included in the assignment from Eagle Fuels to Empire. (<u>See</u> Ex. A and B attached to doc. #171) Through these affidavits, plaintiff highlights another document, entitled "Assumption of Responsibility Agreement Unamortized Program Funds," which was also contained in the documents provided by Phillips 66 to defense counsel and which is part of the contact between the parties. This document provides in part:

> Effective (October 2, 2012), Eagle Fuels LLC (hereinafter called "Current Marketer") ... will no longer supply the certain Marketer Supplied Outlet(s)/Dealer(s) outlined below and transfers said outlets to Empire Petroleum Partners LLC (hereinafter referred to as "Receiving Marketer") .... Said MSO/MSDs has/have been or will be deleted from Current Marketer's Branded Marketer Agreement, Exhibits A1 and A2, with Phillips 66 Company (hereinafter

5

referred to as PSX), and is or will be added to Receiving Marketer's Branded Marketer Agreement, Exhibit A1 and A2, with PSX.

In consideration of PSX' acceptance and administration of this transfer, Receiving Marketer agrees to assume the responsibility and obligation for payment to PSX of the unamortized amount of the applicable payments listed below previously the responsibility of Current Marketer effective on the date hereof.

* * *

(Doc. #158-3 at 6) The stores listed in this portion of the agreement did not include MSS or MSSII. The affiants indicated that this agreement, which was part of the Customer Status Update Forms, "correctly" omitted the stores which are the subject of this lawsuit. (Doc. #171, Ex. A at ¶ 6 and Ex. B at ¶ 8) They further state that the Customer Status Update Forms, relied upon by defendants in support of their motions, inadvertently included the Millenium Stores. (Doc. #171, Ex. A at ¶ 4 and Ex. B at ¶ 6)

Defendants' reply suggestions in support of their motions maintains that "[t]he written Assignment speaks for itself and overrides the extra contractual allegations and conclusions which constitute Plaintiff's motion, Facts 1-10." (Doc. #173 at 3) This assertion does not address the legal issue of whether the Court can consider extrinsic evidence, such as the affidavits of Mr. Rivers and Mr. Diebus, which are offered to explain the intent of the parties to the agreement.

It is well established that the parole evidence rule bars the admission of extrinsic evidence unless a contract is ambiguous. See Whitehill v. Whitehill, 218 S.W.3d 579, 584 (Mo. Ct. App. 2007)(quoting Silver Dollar City, Inc. v. Kitsmiller Constr. Co., 931 S.W.2d 909, 914 (Mo. Ct. App. 1996)). Further, parole evidence cannot be used to create an ambiguity. "'A contract is ambiguous only if its terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms.'" Garner v.

6

Hubbs, 17 S.W.3d 922, 927 (Mo. Ct. App. 2000)(quoting Frager v. Frager, 949 S.W.2d 173, 176 (Mo. Ct. App. 1997)). In determining if a contract is ambiguous, a court reviews the contract in its entirety as a whole, not as isolated provisions. See McIntire v. Glad Heart Properties, 399 S.W.3d 505, 509 (Mo. Ct. App. 2013). An ambiguity exists if there is more than one reasonable interpretation in construing the terms. See Eisenberg v. Redd, 38 S.W.3d 409, 411 (Mo. en banc 2001); McIntire, 399 S.W.3d at 509. Contracts that promise something at one point and take it away at another are considered ambiguous. See Progressive Northwestern Ins. Co. v. Talbert, 407 S.W.3d 1, 9 (Mo. Ct. App. 2013); Seeck v. Geico Gen. Ins. Co., 212 S.W.3d 129, 133 (Mo. en banc 2007).

Considering the contract in its entirety, it appears that the various documents which form part of the entire agreement do create an ambiguity so that the Court can consider the extrinsic evidence. The Customer Status Update Forms list both MSS and MSSII as part of the stores which were being transferred from Eagle Fuels to Empire. However, the Assumption of Responsibility Agreement Unamortized Program Funds does not list either MSS nor MSSII.

When a contract is ambiguous and resort to extrinsic evidence is necessary, if such evidence is conflicting, the construction of the agreement is normally for the jury with proper instruction from the court. See Busch & Latta Painting Corp. v. State Highway Comm'n, 597 S.W.2d 189, 198 (Mo. Ct. App. 1980). However, when a contract is unambiguous or where there is an ambiguity, but no real conflict of evidence, the Court may construe the contract. Id. "Thus, even if the contract be found to be ambiguous, the court must still declare the meaning of the contract unless the surrounding circumstances or other extrinsic evidence admitted on the ambiguity question raise issues of fact for the jury to resolve." Id.

The CEO of the "Current Marketer" (Eagle Fuels) who was transferring responsibility for the stores to the "Receiving Marketer" (Empire) and the COO of Empire both agree that MSS and MSSII were not intended to be transferred as part of the agreement. Both agree that the stores were correctly left off the Assumption of Responsibility Agreement. The Assumption of Responsibility Agreement even acknowledges that the MSO/MSDs at issue have been or will be deleted from Current Marketer's Branded Marketing Agreement, Exhibits A1 and A2, with Phillips 66 Company and have been or will be added to Receiving Marketer's Branded Marketing agreement, Exhibits A1 and A2, with Phillips 66 Company. Thus, it was recognized that these exhibits were subject to change. Further, the parties' interpretation of the agreements is also consistent with the information provided to defense counsel by a manager of Empire who advised defense counsel he was familiar with the transaction. Given that Eagle Fuels and the defendants had been litigating the meaning of contracts involving MSS and MSSII for over two years at the time of the October 2, 2012, assignment from Eagle Fuels to Empire, the explanation that Eagle Fuels and Empire did not intend to include these stores in the assignment is extremely plausible.

The parties did not request a jury. A bench trial was concluded, and only as the parties were preparing to submit proposed findings of fact and conclusions of law, were issues concerning the real party in interest raised. Other than disputing that the affidavits of the assignor and the assignee to the agreement could not contradict the terms of the agreement because the agreement was clear, defendants did not object to the Court considering the affidavits of Mr. Rivers or Mr. Diebus nor has there been a request to reopen the testimony so that additional evidence could be offered. In the Court's view, the parties cannot wait until the Court has ruled on the pending motions to raise such objections. The only evidence as to the

meaning of the 2012 assignment points to the conclusion that neither the assignor nor the assignee intended that MSS and MSSII be included in the assignment from Eagle Fuels to Empire. Thus, in the unique circumstances of this case, the issue of the meaning of an ambiguous agreement need not be submitted to a jury for resolution. Based upon the evidence before the Court, defendants' motions for judgment under Fed. R. Civ. P. 17 and 54 will be denied.

The defendants' request for judgment pursuant to Fed. R. Civ. P. 17 and 54 can be denied on other grounds as well. Rule 17(a) provides in part:

> **(a)** **Real Party in Interest.**
>
> (1) ***Designation in General.*** An action must be prosecuted in the name of the real party in interest. …
>
> * * *
>
> (3) ***Joinder of the Real Party in Interest.*** The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

While state law may supply the substantive law in diversity actions, the Federal Rules of Civil Procedure govern procedural matters. Rule 17(a) requires that the parties be given an opportunity to substitute the real party in interest. Moreover, the Retailer Product Sales Agreements between Eagle Fuels and Ray Perrin, d/b/a MSS, and Ray Perrin, d/b/a MSSII, which were the subject of a bench trial before the Court, recognize that the agreements are between Eagle Fuels or "its assigns ('Seller')" and Mr. Perrin. Further, paragraph 24(b) of the agreements specifically addresses the possibility of an assignment, providing in part:

9

> **Binding Effect and Assignment**. This Agreement shall be binding upon and inure to the benefit of Seller [Eagle Fuels], its legal representatives, successors and assigns. ...

(Plaintiff's Trial Exhibits 25 and 26) Thus, even if defendants' real party in interest claim had been well taken, the proper procedure would not have been the dismissal of the action, but the substitution of Empire for Eagle Fuels.

### III. CONCLUSION

For the reasons discussed, it is

ORDERED that Defendants Ray Perrin, Millennium Super Stop, LLC's and Millennium Super Stop II, LLC's Motion for Relief From Proceedings Pursuant to FRCP Rule 60(b), Judgment Pursuant to FRCP Rule 17 and 54, and Award of Attorney Fees and Other Relief Pursuant to FRCP Rule 37 (doc. #158), which was joined in by defendants Asif H. Kiayani, 786 Enterprises, Inc. and Rawal Rock, Inc. (doc. #160), is granted in part and denied in part. The request that the Court consider the additional information submitted by defendants in support of their motions is granted. The request that, based on this additional information, judgment be entered in favor of defendants pursuant to Fed. R. Civ. P. 17 and 54 is denied, as is the request for sanctions under Fed. R. Civ. P. 37. It is further

ORDERED that the parties are given until March 7, 2014, to file proposed findings of fact and conclusions of law.

                                                      */s/ Sarah W. Hays*
                                                    SARAH W. HAYS
                                      UNITED STATES MAGISTRATE JUDGE